DANIEL E. DONOVAN, Plaintiff, v. MARGARET CLARK, Defendant.

*Undertaking on appeal — when joint and several — plea in abatement.*

Where in an undertaking given on appeal to secure the payment of costs and damages it is provided that the principals "do jointly and severally, pursuant to the statute in such case made and provided, undertake," and the clause relating to the payment of the judgment provides "and do also undertake that, if the judgment so appealed from, or any part thereof, is affirmed," etc., the liability under both clauses is joint and several.

Form of plea in abatement.

MOTION by the defendant, Margaret Clark, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, after the verdict of a jury for $124,848.66, rendered by direction of the court in favor of the plaintiff, at the New York Circuit, on the 8th day of December, 1893.

*John D. Kernan,* for the plaintiff.

*L. Laflin Kellogg,* for the defendant.

PER CURIAM:

This action was brought to recover upon an undertaking given on appeal pursuant to sections 1326, 1327 and 1334 of the Code of Civil Procedure. It is conceded that the undertaking to secure the costs was joint and several, but the question is whether that part of the undertaking given to secure the payment of the judgment was joint or joint and several.

In the part of the undertaking which relates to the payment of costs and damages it is provided that the principals "do jointly and severally, pursuant to the statute in such case made and provided, undertake," etc. And the clause relating to the payment of the judgment provides: "And do also undertake that, if the judgment so appealed from, or any part thereof, is affirmed," etc.

We think that this undertaking is joint and several in both of its parts, and the words " and do also undertake " undoubtedly refer to the character of the obligation entered into by the sureties.   This construction is enforced, not only from the position of the words quoted in the undertaking itself, but also by the evident intent to give an undertaking pursuant to the statute, which required that such undertaking should be both joint and several, and the presumption must be indulged in that the parties intended to give such an undertaking as the statute requires.

Again, the plea in abatement is not sufficient in law.    It is not averred that the co-obligor is living and within the jurisdiction of the court.

Exceptions overruled and judgment ordered on verdict, with costs.

Present— VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Judgment affirmed, with costs.